NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARDS MANUFACTURING COMPANY, et al., | |
| Plaintiffs, | Hon. Stanley R. Chesler |
| | Civ. No. 01-4677 |
| v. | |
| THOMAS & BETTS CORPORATION, | |
| | **OPINION** |
| Defendant. | |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court upon Defendant's Appeal from an Order of the Magistrate Judge ordering Defendant to pay costs associated with the potential deposition of Mr. Oliver (docket item # 72). The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, denies Defendant's Appeal and affirms the Magistrate Judge's Order.

**I. BACKGROUND**

On or about April 14, 2005, Defendant sought leave to amend the report of Lloyd Oliver, one of Defendant's experts. Defendant sought to amend the report to correct certain financial information identified by Plaintiffs as potentially incorrect. The parties submitted letter briefs to

1

Judge Bongiovanni, two from each side.  Plaintiffs objected to Defendant's request because of lateness, prejudice and the expense that Plaintiffs would subsequently incur.

On or about July 28, 2004, Plaintiffs raised the issue of an error in Mr. Oliver's report.  On November 4, 2004, Plaintiffs deposed Mr. Oliver, asked him about the error, and contemplated the possibility of an amendment by Mr. Oliver and another deposition:

> MR. POKOTILOW: And what I would suggest is if indeed you modify your report because of [a mistake], and indeed you submit it to us, as you must in order to be able to modify your testimony at trial, we would obviously reserve the right to come back and depose you in that area.

(Nov. 4, 2004 Oliver Dep. p. 169, lines 7-12.)  At the November 4, 2004 deposition, Mr. Oliver was unprepared to amend his opinion.

During the pre-trial conference held on March 29, 2005, Defendant advised the Magistrate Judge that it would seek to amend Mr. Oliver's report with respect to the information identified by Plaintiffs as incorrect.  Judge Bongiovanni permitted the parties to submit letter briefs regarding this issue.  Defendant's letter set forth the basis for the amendment, explaining the reconciliation of the "differences between two sets of ... internal standard cost information identified by [Plaintiffs]."  (Winter Apr. 14, 2005 Ltr.)  Defendant cited Crowley v. Chait, 322 F. Supp. 530, 540 (D.N.J. 2004) in support of the proposition that the court should permit an expert, even over objection, to correct mistakes in an expert report.

Plaintiffs objected to Defendant's request as untimely, as prejudicial, and for the reason that they would incur expense and delay if Mr. Oliver's report was supplemented.  Plaintiffs pointed to the notification of the mistake as early as July 28, 2004, and noted

2

that at the November 4, 2004, deposition of Mr. Oliver he was unprepared to address the inconsistency despite having been informed of the problem.  Further, Plaintiffs asserted that between Mr. Oliver's deposition and the submission of the draft pre-trial order, Defendant had approximately 35 days to investigate the issue and supplement the report for its inclusion in the pre-trial order filed with the Court on or about December 15, 2004.  Finally, Plaintiffs argued that when the issue of amendment was finally raised by Defendant at the pre-trial conference in March 2005, Defendant failed to show any reason for the significant delay, which would now cause even further delay in the litigation process and considerable expense to Plaintiffs.  As such, Plaintiffs urged the Court to consider assigning all costs associated with the amendment, including attorneys' fees, deposition costs, etc., to Defendant if the Court did indeed allow the amendment.

Defendant responded that Plaintiffs would have incurred the same costs had the amendment occurred earlier in the litigation.  Defendant characterized the request for costs as a "sanction," and argued that whether or not Defendant chose to incur costs in addressing the supplemental report was its own tactical decision.  Defendant did not provide any reason for what it viewed as a "so-called delay," only suggesting that the "lapse of time" issue did not create prejudice and would be best directed toward the expert himself.  (Winter Apr. 20, 2005 Ltr.)  Defendant said that its understanding was that the delay arose from Mr. Oliver's and Defendant's desire to ensure the information was accurate.

Judge Bongiovanni granted Defendant's request through the April 27, 2005 Order, in which she allowed Mr. Oliver to amend his report in order to correct certain financial

information identified as potentially incorrect. However, in doing so, she ordered that any costs incurred by Plaintiffs due to the amendment would be paid by Defendant. Defendant now appeals the portion of Judge Bongiovanni's April 27, 2005 Order regarding the assignment of Plaintiffs' costs.

## II. DISCUSSION

### A. Standard of Review

The standard of review of a magistrate judge's decision depends upon whether the issue addressed was dispositive or non-dispositive. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000). A district court may reverse a Magistrate Judge's order on a non-dispositive matter only if it finds the ruling clearly erroneous or contrary to law. Id.; See also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992). According to the Supreme Court, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "Where a magistrate judge is authorized to use his or her discretion, the decision will only be reversed for an abuse of that discretion." Cooper Hosp. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

Pretrial matters, such as discovery, are treated as non-dispositive matters in this

4

Court. <u>Andrews</u>, 191 F.R.D. at 68. Therefore, the April 27, 2005 Order of Magistrate Judge Bongiovanni will be considered under the non-dispositive standard and only reversed if this Court determines the magistrate judge's ruling was "clearly erroneous or contrary to law."

### B. Defendant's Appeal

Defendant brings a Motion to Vacate Portions of Magistrate Judge Bongiovanni's April 27, 2005 Order Awarding Sanctions, which is actually an appeal of her decision to assign costs incurred by Plaintiffs associated with Mr. Oliver's amended report. Defendant does not reference the standard of review of a magistrate judge's decision, but this Court will assume that Defendant seeks to vacate portions of the decision because it is "clearly erroneous and contrary to law."

Defendant asserts that Judge Bongiovanni's order that Defendant pay all fees and costs of Plaintiffs' associated with the deposition of Mr. Oliver is an improper sanction. Defendant argues that because it did not violate rule 16(f) or 37(b), there is no basis for sanctions. Further, Defendant argues that Judge Bongiovanni did not set forth authority for this sanction and that the "sanction" is unreasonable because there was no guidance set forth as the exact fees and costs to be paid. Defendant suggests that lack of the word "reasonable" from the Order combined with the "creativity and intelligence of the attorneys involved in this litigation," will result in attorney "bicker[ing]" and an inability of the parties to reach agreement on the costs and fees allowed.

As a first matter, this Court does not agree with Defendant's characterization of

Judge Bongiovanni's order as a "sanction." Nowhere in the Order does Judge Bongiovanni suggest that she sought to impose a punishment on Defendant for its request. The Court appreciates that Defendant may view the costs and fees associated with this late amendment burdensome, but that does not necessarily equate to a court ordered sanction. Instead, this Court considers the order to pay costs and fees a condition imposed on Defendant should it so chose to make its amendment. Nothing about the order required Defendant to amend the report. The Court recognizes that Defendant should be allowed to amend where the correction will indeed improve the quality and accuracy of an expert report, Crowley v. Chait, 322 F. Supp. 2d 530, 540 (D.N.J. 2004), however, the magistrate judge may impose conditions or restrictions on discovery, especially discovery requests submitted at the eleventh-hour. Pilot Air Freight Corp. v. Target Logistic Servs., 2003 U.S. LEXIS 6634, at *6 (E.D. Pa. Jan. 24, 2003)(allowing paintiff to amend a report with the condition that plaintiff reimburse defendant up to $5,000 in costs associated with the change).

      The Court is unpersuaded by Defendant's suggestion that Plaintiffs need not incur any costs associated with the amendment of Mr. Oliver's report. The Court is well aware of the issues involved in this litigation and Plaintiffs would be remiss if they did not follow up on changes to an expert report. Nor is this Court persuaded that Judge Bongiovanni's condition is erroneous because Plaintiffs would have incurred costs earlier in the litigation. As stated earlier, it was at Defendant's option to amend the report pursuant to the conditions imposed in the April 27, 2005 Order. Indeed, in executing that option, as it appears they did, they agreed to the condition. Further, the same condition

very well might have been imposed even if Defendant's request came before the pre-trial conference.

Finally, this Court has the utmost faith that the fine attorneys in this matter will be able to work together and reach resolution on the payment of fees and costs incurred in the administration of the amended report. The Court sees no reason why it needs to oversee seasoned and respectable counsel in such a basic matter.

Upon review of the Magistrate Judge's April 27, 2005 Order, this Court finds nothing clearly erroneous or contrary to law about the decision to order Defendant to pay Plaintiffs' costs and fees associated with the amendment of Mr. Oliver's report. The Order is affirmed.

**III. CONCLUSION**

Having reviewed the parties' submissions both to this Court and to the Magistrate Judge, for the reasons set forth below, and for good cause shown, this Court affirms the Magistrate Judge's April 27, 2005 Order. An appropriate form of order will be filed herewith.

Date:   August 8, 2005

                                        s/Stanley R. Chesler
                                        Stanley R. Chesler, U.S.D.J.