## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| THOMAS & BETTS CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 01-4677 (SRC) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| RICHARDS MANUFACTURING CO., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

      This matter having come before the Court upon a motion for sanctions against Plaintiff

Thomas & Betts Corporation ("T&B") and its counsel pursuant to Federal Rule of Civil

Procedure 11 by Defendants Richards Manufacturing Company, Bleema Manufacturing

Corporation, and Glenn Luzzi (collectively, "Richards") [docket item #351] and a supplemental

motion for sanctions against T&B and its counsel pursuant to Federal Rule of Civil Procedure 11

and 28 U.S.C.§ 1927 by Richards [docket item #353]; and the Court having decided to adjudicate

the motions based upon the parties' written submissions pursuant to Federal Rule of Civil

Procedure 78; and the Court having considered the papers filed by the parties; and

      **IT APPEARING** that Richards seeks sanctions against T&B and its counsel Holland &

Knight LLP and Robertson, Freilich, Bruno, & Cohen LLC; and it further

      **APPEARING** that Richards notified T&B and its counsel on December 22, 2004 of the

accusation that T&B filed frivolous counterclaims, filed frivolous interrogatory responses, and

was asserting claims that lacked a legal or factual basis (Sobel Nov. 2007 Decl., Ex. 1 [docket item #352]); and it further

**APPEARING** that, in the Final Pretrial Order, Richards again notified T&B that it would be seeking sanctions based on T&B's identification of 6 trade secret claims and 92 items of confidential information based on the testimony of Van Walworth (Final Pretrial Order 9-10 [docket item #65]); and it further

**APPEARING** that T&B did not withdraw any of its claims in response to Richards' letters; and it further

**APPEARING** that Richards served their initial motion for sanctions upon T&B on May 27, 2005 (Sobel Nov. 2007 Decl., Ex. 6); and it further

**APPEARING** that Richards filed a supplemental motion for sanctions on November 19, 2007, incorporating its assertions from its prior motion and stating additional reasons that it believes support sanctions, namely T&B's continued reliance on Walworth's testimony, T&B's failure to reconsider its claims in light of the law as developed in the Court's April 4, 2006 Daubert Opinion and April 26, 2007 Opinion granting partial summary judgment; and it further

**APPEARING** that Federal Rule of Civil Procedure 11(b) requires that (1) the claims not be brought for improper purposes, such as harassment, (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[,]" (3) "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[,]" and (4) "the denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief of a lack of information"; and it further

**APPEARING** that Rule 11 sanctions "should not be assessed lightly[,]" <u>Simmerman v. Corino</u>, 27 F.3d 58, 64 (3d Cir. 1994) (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 767 (1980)), and are only appropriate where the behavior in question "constituted abusive litigation or misuse of the court's process[,]" <u>id.</u> at 62; and it further

**APPEARING** that a court's inquiry as to whether sanctions are appropriate should ask "what was reasonable to believe at the time the pleading . . . was submitted[,]" <u>Teamsters Local Union No. 430 v. Cement Express., Inc.</u>, 841 F.2d 66, 68 (3d Cir. 1988); and it further

**APPEARING** that the determination of whether to impose sanctions is within the Court's discretion, but those sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated[,]" FED. R. CIV. P. 11(c); and it further

**APPEARING** that 28 U.S.C. § 1927 provides that "[a]ny attorney . . . in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"; and it further

**APPEARING** that an awarding of sanctions under 28 U.S.C. § 1927 requires that a court find that "attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct[,]" and that the attorney's bad faith was willful, <u>In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions</u>, 278 F.3d 175, 188 (3d Cir. 2002); and it further

**APPEARING** that, as the accompanying Opinion may suggest, the Court has been less than thrilled with the manner in which T&B has litigated this case as the Court and Richards

have been overwhelmed with a plethora of claims that have frequently been ill-defined,

insufficiently supported, and tending to change in shape and form like the shifting sands; and it

further

      **APPEARING** that, the above being said, the Court recognizes the problems T&B

experienced in formulating claims based on the appropriation of its documents; and it further

      **APPEARING** that, under all of the circumstances, while the Court certainly does not

applaud the conduct of T&B, the Court does find that T&B's conduct falls short of meeting the

requirements of a Rule 11 violation or demonstrating willful bad faith as to warrant sanctions

under 28 U.S.C. § 1927; therefore

      **IT IS** on this 17th day of June, 2008,

      **ORDERED** that Richards' motion for sanctions [docket item #351] is **DENIED**; and it is

further

      **ORDERED** that Richards' supplemental motion for sanctions [docket item #353] is

**DENIED**.

                                          s/ Stanley R. Chesler
                                          STANLEY R. CHESLER
                                    United States District Judge