UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
THOMAS & BETTS CORPORATION,               :
                                          :
                    Plaintiff,            :     Civil Action No. 01-4677 (SRC)
                                          :
              v.                          :     **OPINION & ORDER**
                                          :
RICHARDS MANUFACTURING CO.,               :
et al.,                                   :
                                          :
                    Defendants.           :
_____:

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion titled "motion for evidentiary rulings" by Defendants Richards Manufacturing Company and Glenn Luzzi (collectively, "Richards"). Despite having given their motion a title indicating that they seek evidentiary rulings, Defendants actually seek declaratory rulings that: 1) Plaintiff Thomas & Betts Corporation ("T&B") has not preserved an aggregation argument with respect to the items of confidential information it alleges to have been misappropriated; and 2) T&B is estopped from relitigating certain issues and claims based on the law of the case. For the reasons set forth below, the motion will be denied in part and granted in part.

This application follows the decision by the Third Circuit Court of Appeals which reversed and remanded a grant of summary judgment to Defendants on Plaintiff's claim for misappropriation of confidential information.

I.      **Has T&B preserved an aggregation argument?**

In summary, Richards' argument is this: 1) T&B argued to the Third Circuit that the combination of the items of confidential information – i.e., the items in aggregate – was

protectible; 2) T&B did not assert such an argument in the Final Pretrial Order ("FPO"); and 3) T&B should be barred from making such an argument at trial.

Richards here seeks to circumvent the Third Circuit's instructions to this Court, and invites this Court to disregard the Third Circuit's ruling. The Third Circuit stated:

> With respect to the third of the Lamorte Burns factors, in evaluating whether T&B had a protectible interest in the information, the District Court should consider that the competitive value an employer ascribes to certain information may derive solely from its relation to other information, even when, taken in isolation, that information is neither novel nor unknown. We have explicitly recognized this principle in the context of New Jersey trade secret law, *see Rohm & Haas Co. v. Adco Chemical Co.*, 689 F.2d 424, 433 (3d Cir. 1982), and it is equally relevant in the confidential information context.

Thomas & Betts Corp. v. Richards Mfg. Co., 342 Fed. Appx. 754, 760 (3d Cir. 2009). This is a clear instruction to this Court to consider an aggregation theory.[1] Richards does not argue to the contrary, nor could it.

Even if this were not viewed as a clear instruction – and this Court understands it to be a clear instruction – allowing Thomas & Betts to argue an aggregation theory is within the spirit of the Third Circuit's Opinion. This Court must follow the spirit as well as the letter of Third Circuit rulings:

---

[1] The cite to Rohm & Haas supports this understanding. In the part of that decision cited, the Third Circuit looked to the trade secret law of Pennsylvania and New Jersey and stated:

> The law of these states provides that even though each and every element of plaintiff's Process is known to the industry, the combination of those elements may be a trade secret if it produces a product superior to that of competitors.

Rohm & Haas Co. v. Adco Chemical Co., 689 F.2d 424, 433 (3d Cir. 1982) (quotation omitted). In its Opinion, the Third Circuit held that this principle was "equally relevant in the confidential information context." Thomas & Betts, 342 Fed. Appx. at 760. It is unmistakable that Rohm & Haas recognizes the kind of theory that Richards calls an aggregation theory.

> It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

Pardini v. Allegheny Intermediate Unit, 524 F.3d 419, 423 (3d Cir. 2008) (citations omitted).

The Third Circuit has thus already answered Richards' question about whether Thomas & Betts preserved an aggregation argument, and it has answered in the affirmative. If Richards believed that the Third Circuit's decision was in error, the remedy would have been to seek rehearing.[2] This Court will follow the Third Circuit's instructions on this issue. This Court concludes that Thomas & Betts has preserved an aggregation argument, as that argument has been formulated by the Third Circuit.

## II.     Is T&B estopped from relitigating certain issues?

Richards contends that T&B should be estopped from relitigating issues in six areas. As a general comment, the problem with Richards' position is that, while these issues may not fall obviously within the scope of the matters reversed by the Third Circuit, Richards fails to recognize the extent to which these issues are intertwined with decisions that have been reversed.

Moreover, Richards fails to recognize the extent to which the Third Circuit's instructions have changed the legal standard to be applied to T&B's claims. In summary, the Third Circuit provided these instructions:

> On remand, the District Court should consider whether the allegedly misappropriated information was provided to Luzzi by T&B in the course of his

---

[2] In the reply brief, Richards argues that a mistaken assumption "infected much of the Third Circuit's analysis." (Defs.' Reply Br. 5.) This Court does not agree but, even if this were correct, district courts lack the authority to correct mistakes of the Court of Appeals for their circuit.

> employment for the sole purpose of furthering T&B's business interests. To answer that question, the Court should consider the following factors: (1) whether the information was generally available to the public; (2) whether Luzzi would have been aware of the information if not for his employment with T&B; (3) whether the information gave Luzzi--and, by extension, Richards--a competitive advantage vis-a-vis T&B; and (4) whether Luzzi knew that T&B had an interest in protecting the information to preserve its own competitive advantage. This inquiry does not entail a rigorous examination of the information sought to be protected, as in trade secret law, but rather a focus on the relationship between employer and employee, the expectations of the parties, and the intended use of the information. Moreover, it appears to us that, unlike in trade secret law, these four factors are not to be treated as essential elements of a cause of action for the misappropriation of confidential information.

Thomas & Betts, 342 Fed. Appx. at 759-760 (citations omitted). This represents a very substantial change from the standard that this Court had applied, producing a far-reaching impact on aspects of the case related to the decisions that were reversed.

    A.    <u>Confidential information that duplicates a trade secret</u>

Richards observes that some items of confidential information duplicate trade secrets, which are no longer in the case, and argues that the relevant underlying factual determinations should be given preclusive effect, perhaps under the doctrine of the law of the case. T&B responds, persuasively, that this argument must fail in view of the Third Circuit's reversal of this Court's decision to exclude the expert testimony of Walworth.

While it may be true that there might be some relevant factual determinations that may be unaffected by the admission of Walworth's testimony, Richards has not sufficiently identified the particular factual determinations that should be given preclusive effect under the law of the case. In the pre-trial briefing, Richards may identify particular factual determinations which it contends should be given preclusive effect, subject to these requirements:[3] 1) the factual determination was

---

[3] The Court will not grant leave for further *in limine* motions on these issues.

not the subject of appeal; 2) the factual determination was not affected by the exclusion of Walworth's testimony; and 3) the factual determination has relevance to a factual determination that will be necessary under the Third Circuit's standard. Richards should also identify these specific factual determinations in the revised FPO.

Determinations involving mixed issues of fact and law, like purely legal determinations, do not survive the Third Circuit's decision.

      B.    <u>Items dismissed as moving targets and as non-specific; factual findings regarding secrecy</u>

Richards contends that the dismissal of items of confidential information on the grounds of being a moving target, or as being non-specific, should be given preclusive effect, asserting that the dismissal was independent of the legal standard involved. This is unpersuasive. Finding that this Court had erred in its formulation of the legal standard, the Third Circuit instructed this Court that the relevant inquiry "does not entail a rigorous examination of the information sought to be protected." <u>Thomas & Betts</u>, 342 Fed. Appx. at 760. This Court's dismissal of items of confidential information as moving targets or as non-specific was done as part of a rigorous examination of the information sought to be protected. These dismissals do not survive the Third Circuit's decision.

Similarly, Richards contends that the factual determinations regarding T&B's efforts to maintain the secrecy of its confidential information should have preclusive effect, as they too were independent of the legal standard used. Again, not so. In the 2007 decision, this Court referred generally to the evidence regarding T&B's efforts to maintain secrecy as the "security evidence," and stated: "As to the items of confidential information, it is relevant to the third

factor, the circumstances under which the employee was exposed to the information." Thomas & Betts Corp. v. Richards Mfg. Co., 2007 U.S. Dist. LEXIS 31085 at *24 (D.N.J. Apr. 26, 2007). Thus, this evidence was presented for its evidentiary value as to one factor of an erroneous legal standard. The contention that these factual determinations were independent of the legal standard is incorrect. These determinations do not survive the Third Circuit's decision.

  C. Items "conceded"

Richards contends that T&B made concessions that certain items could not meet this Court's four-part test, and that the resulting entry of judgment on these items should be given preclusive effect. A judgment based on a concession that an item does not meet an erroneous legal standard does not survive the Third Circuit's decision. The Third Circuit vacated these judgments.

Richards also contends that the dismissal of confidential information items 5 and 10 was not appealed and therefore has survived the Third Circuit's decision. T&B has not opposed this. This dismissal alone survives.

**III. Implications for the Final Pre-Trial Order ("FPO")**

Richards argues that T&B should not be allowed to amend the FPO, contending that the requirement of Rule 16(e) has not been met: "The court may modify an order issued after a final pretrial conference only to prevent manifest injustice." This Court disagrees, and finds that to not allow modification of the FPO after a reversal by the Court of Appeals could easily work a manifest injustice. To effectuate the decision of the Third Circuit, revision of the FPO may be necessary. The parties and the Magistrate Judge should begin the process of reexamining the FPO. In revising the FPO, the parties may clarify the nature of the existing claims in light of the

6

Third Circuit's rulings, but may not add proofs or additional claims. Claims may, however, be abandoned. As discussed above, the FPO should also be revised to include any specific factual determinations made pre-reversal which a party contends should be given preclusive effect.

For these reasons,

**IT IS** on this 26th day of April, 2010,

**ORDERED** that Defendants' motion for evidentiary rulings (Docket Entry No. 386) is **DENIED** in part and **GRANTED** in part; and it is further

**ORDERED** that, as to T&B's claims regarding confidential information items 5 and 10, Defendant's motion is **GRANTED**, and the previously entered Judgment on these claims has survived the Third Circuit decision and has preclusive effect; and it is further

**ORDERED** that, as to all other relief sought, Defendant's motion is **DENIED**.
.

                                                   s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J.