<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THOMAS & BETTS CORPORATION,         :
                                    :
            Plaintiff,              :    Civil Action No. 01-4677 (SRC)
                                    :
        v.                          :    **OPINION**
                                    :
RICHARDS MANUFACTURING CO.,         :
et al.,                             :
                                    :
            Defendants.             :
_____ :

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court following the conclusion of a jury trial of this case. Plaintiff has submitted a proposed form of final judgment, and Defendants have agreed to some aspects, but opposed others. This Court now addresses the issues in dispute: 1) the running of prejudgment interest during the pendency of the appeal before the Third Circuit; and 2) the characterization of the counterclaim.

Defendants contend that prejudgment interest should not run during the pendency of the appeal before the Third Circuit (June 18, 2008 through July 20, 2009), pursuant to New Jersey Court Rule 4:42-11(b), which states:

> Tort Actions. Except where provided by statute with respect to a public entity or employee, and except as otherwise provided by law, the court shall, in tort actions, including products liability actions, include in the judgment simple interest, calculated as hereafter provided, from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest.

Defendants argue that this is just such an exceptional case.

In <u>Kotzian v. Barr</u>, 81 N.J. 360, 364 (1979), the New Jersey Supreme Court set forth the basic principle underlying the application of New Jersey Court Rule 4:42-11(b):

> [T]he application of prejudgment interest [is] left to the sound discretion of the trial court. As R. 4:42-11(b) now stands, the exercise of that discretion is to be guided essentially by the . . . policies which gave birth to the Rule.

The Court described these policies as follows:

> [W]e advert to the policies underlying the prejudgment interest rule, namely, the indemnification of a plaintiff for the loss of income he presumably would have earned had payment not been delayed, and the encouragement of prompt consideration of settlement possibilities.

<u>Id.</u> at 363.  <u>See</u> <u>also</u> <u>Heim v. Wolpaw</u>, 271 N.J. Super. 538, 542 (N.J. Super. Ct. App. Div. 1994) ("The purposes for awarding prejudgment interest in tort actions, pursuant to R. 4:42-11(b), are not only to compensate plaintiffs for not having use of the judgment money while their actions are pending and to require defendants to give up the benefits of their use of the money during that time, but also to encourage defendants to settle cases.")

The New Jersey Supreme Court has provided this guidance for the inquiry into whether a case is exceptional: "This language has been interpreted to mean that 'prejudgment interest can * * * be withheld only where it is demonstrated that the policy, spirit and intent of the rule are patently inapposite to the circumstances at hand.'" <u>Ruff v. Weintraub</u>, 105 N.J. 233, 245 (1987) (quoting <u>Kotzian v. Barr</u>, 152 N.J. Super. 561, 565 (N.J. Super. Ct. App. Div. 1977).)

Applying this guidance to the instant case, Defendants have not demonstrated that the policy, spirit, and intent of the rule are patently inapposite to the circumstances at hand. Rather, Defendants only offer these weak points: 1) the length of the period of appeal was a function of

2

appellate procedure; and 2) allowing prejudgment interest does not serve to encourage settlement.[1] As for the first point, it is difficult to see what relevance this has to the inquiry into whether exceptional circumstances are present. As to the second point, even if Defendants persuaded that allowing prejudgment interest would not serve to encourage settlement – which they have not done – the language of Ruff requires that they demonstrate that the policy is *patently inapposite* to the circumstances at hand. Defendants have not done so.

Defendants have not offered any argument directed toward demonstrating that the circumstances at hand are, indeed, exceptional ones. The occurrence of an appeal in litigation does not appear to be exceptional in any way. Furthermore, Defendants have not argued that refusal of the exception does not serve the policy goal of compensating Plaintiff for the loss of the interest income that would have been earned had payment not been delayed. Plaintiff lost, and Defendants gained, interest income from the money not paid to satisfy the judgment during the pendency of the appeal. Plaintiff is entitled to that interest under New Jersey Court Rule 4:42-11(b). Prejudgment interest will be calculated without any exception for the period of the pendency of the appeal.

Defendants' blackline of Plaintiff's proposed final judgment also deletes the phrase "breach of the duty of loyalty" from the explanatory label for Amended Counterclaim 5, but the

---

[1] In support of this point, Defendants point to Barris v. Bob's Drag Chutes & Safety Equipment, Inc., 717 F.2d 52, 56 (3d Cir. 1983), a case involving a Pennsylvania court rule authorizing the imposition of damages for delay. There are a number of reasons why this case is not analogous, but the most obvious one is that the application of the Pennsylvania delay damages rule is so very different from the application of the exceptional circumstances exception to the New Jersey prejudgment interest rule. The Pennsylvania rule does not concern interest, and the case sheds little light on the question of when New Jersey law authorizes the Court to suspend the running of prejudgment interest.

Court is satisfied that Defendants' form of order is correct.

In conclusion, this Court rejects Defendants' changes to Plaintiff's proposed final judgment.  The final judgment will be entered as submitted by Plaintiff.


       s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: January 12, 2011